IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED W. PARKER, SR., <br><br>　　Plaintiff, <br><br>　vs. <br><br>JENNIFER WELCH, ESQ., <br><br>　　Defendant. <br>_____/ | No. C 14-2164 DMR (PR) <br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

  This case was opened when Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison, filed a complaint on the Court's civil rights form. The Clerk of the Court sent him a notice that he had failed to pay the $350.00 filing fee or apply for leave to proceed *in forma pauperis* ("IFP"). Plaintiff thereafter filed an application to proceed IFP.

  Plaintiff has consented to magistrate judge jurisdiction, dkt. 12, and this matter has been assigned to the undersigned Magistrate Judge.

  In his complaint form, Plaintiff asserts claims of violations of his "due process rights [to] effective assistance of cou[n]sel and equal protection of the law" against his public defender, Jennifer Welch, Esq., arising out of her alleged failure to adequately defend him on his criminal charges. Dkt. 1 at 3. Although Plaintiff submitted his claims on a civil rights form, it has since been apparent that he had intended to file a petition for a writ of habeas corpus because he seems to challenge his sentence resulting from a conviction for unknown charges in Martinez County Superior Court. Dkt. 13 at 1. As relief, Plaintiff seeks to "dismiss the case in its entirety." Dkt. 1 at 3. He also seeks to "vacate the sentence" and requests this Court to have him "returned to [the] county jail and released . . . pending review of this claim . . . ." Dkt. 13 at 1.

**DISCUSSION**

**I.     Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.    Legal Claims**

In this case, Plaintiff has improperly filed his claims as a civil rights action. Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). The opposite is not true, however: a civil rights complaint seeking habeas relief should

be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

In this case, Plaintiff's allegations attack his sentence rather than the conditions of his confinement. When a state prisoner's § 1983 suit implicates the invalidity of his conviction, the complaint must be dismissed unless the plaintiff can demonstrate that he has succeeded in getting the duration of the sentence changed in another forum, for instance by succeeding with a state or federal habeas petition. This Plaintiff has not done; therefore, he has failed to state a cognizable claim under section 1983. Accordingly, the instant complaint is DISMISSED without prejudice.

## CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff's complaint fails to challenge the conditions of his confinement. His claims implicate the invalidity of his conviction and are more appropriately addressed in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therefore, the complaint is DISMISSED without prejudice to Plaintiff filing a habeas action.

Plaintiff's motion for leave to proceed IFP will be addressed in a separate written Order.

The Clerk of the Court shall enter judgment, terminate all pending motions as moot (Dkt. 13), and close the file. The Clerk shall also send Plaintiff two copies of the Court's habeas corpus petition form along with his copy of this Order.

IT IS SO ORDERED.

Dated: October 8, 2014

DONNA M. RYU
United States Magistrate Judge